# EXHIBIT "A"

16267979-1

## IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA

| | |
|---|---|
| **WELL BUILT REALTY CORPORATION,** | CIVIL DIVISION |
| **Plaintiff,** | |
| | No. 10874-2022 |
| v. | |
| **SUKUP MANUFACTURING COMPANY,** | |
| **SUKUP STEEL STRUCTURES, LLC,** | **COMPLAINT** |
| **Defendants** | |

**JURY TRIAL DEMANDED**

Filed on behalf of Plaintiff,
Well Built Realty Corporation

Counsel of Record for This Party:

**Kenneth T. Levine, Esquire**
Pa. I.D. 60984

de LUCA LEVINE LLC
301 E. Germantown Pike, 3rd Floor
East Norriton, PA 19401
Phone: (215) 383-0081
Facsimile: (215) 383-0082

FILED OR ISSUED
2022 AUG 16  AM 10: 44
MICHAEL ROSSI
PROTHONOTARY
BEAVER COUNTY, PA



| | |
|---|---|
| **WELL BUILT REALTY CORPORATION**<br>360 14th Street<br>Ambridge, PA 15003-3202,<br>    Plaintiff,<br><br>v.<br><br>**SUKUP MANUFACTURING COMPANY,**<br>**SUKUP STEEL STRUCTURES, LLC,**<br>1555 255th Street<br>Sheffield, IA 50475-0677,<br>    Defendants | **COURT OF COMMON PLEAS OF**<br>**BEAVER COUNTY, PA**<br><br>**CIVIL ACTION NO: 10874-2022**<br><br>**JURY TRIAL DEMANDED** |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed or any other claim ox relief requested by the plaintiff. You may lose money or property rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO
NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE
THE OFFICE SET FORTH BELOW TQ FIND OUT WHERE YOU CAN GET
LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT
HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE
TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY
OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO
FEE.

**LAWYER REFERRAL SERVICE**

**THE BEAVER COUNTY BAR ASSOCIATION**

**788 TURNPIKE STREET**

**BEAVER, PA 15009**

**(724) 728-4888**

<u>https://bcba-pa.org/lawyer-referral-service/</u>

de LUCA LEVINE LLC
BY: Kenneth T. Levine, Esquire
Atty. I.D. No.: 60984
301 E. Germantown Pike, 3rd Floor
East Norriton, PA 19401
(215) 383-0081

*Attorney for Plaintiff,*
*Well Built Realty Corporation*



| | |
|---|---|
| **WELL BUILT REALTY CORPORATION**<br>360 14th Street<br>Ambridge, PA 15003-3202<br>          Plaintiff,<br><br>v.<br><br>**SUKUP MANUFACTURING COMPANY,**<br>**SUKUP STEEL STRUCTURES, LLC,**<br>1555 255th Street<br>Sheffield, IA 50475-0677<br>          **Defendants** | **COURT OF COMMON PLEAS OF**<br>**BEAVER COUNTY, PA**<br><br>**CIVIL ACTION NO: 10874-2022**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, by and through undersigned counsel, and by way of Complaint against the Defendants, hereby avers as follows:

1. Plaintiff, Well Built Realty Corporation, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at the address in the caption above.

2. Defendant, Sukup Manufacturing Company, is a corporation organized and existing under the laws of the State of Iowa, with a principal place of business located at the address in the caption above.

3. Defendant, Sukup Steel Structures LLC, is a corporation organized and existing under the laws of the State of Iowa, with a principal place of business located at the address in the caption above.

4. Upon information and belief, Sukup Manufacturing Company ("Sukup Manufacturing") is the parent company of Sukup Steel Structures, LLC, ("Sukup Steel"), its wholly owned subsidiary.

5. Upon information and belief, Sukup Manufacturing and Sukup Steel were and are in the business of, *inter alia*, manufacturing steel structures, machinery, and equipment.

6. Upon information and belief and at all times relevant hereto, Sukup Manufacturing and Sukup Steel leased, operated and maintained the property located at 360 14th Street in Ambridge, Pennsylvania (the "subject property") pursuant to a lease between Plaintiff and Sukup Steel that began on or about April 21, 2014.

7. Pursuant to the aforementioned lease, as tenants to the subject property, had a duty to maintain and repair the subject property as necessary and as specifically noted as follows in paragraph 8 thereof:

> ... at Tenant's sole cost and expense, perform all maintenance to the Premises (including, without limitation, all ... air conditioning (HVAC), electrical, ... and other systems, fixtures, and equipment which are part of the Premises), to maintain the same in good order and condition of repair and safety, ordinary wear and tear excepted.
>
> ... Tenant's obligation to repair and maintain the Premises shall include all those repairs and maintenance ... required for the proper upkeep of the Premises, including, without limitation, replacement of failed components and systems and routine maintenance, with respect to all structural components, interior and exterior, ... utilities systems. Tenant shall arrange for such repairs and maintenance directly with the appropriate contractors, suppliers and providers and Tenant shall effect such repairs and maintenance in a timely and prompt manner. It is the intention of this Section 8 that, except as provided in this Section, the upkeep of the Premises shall be the sole responsibility of Tenant and that Landlord shall bear no responsibility or cost relating thereto.

8. At all times relevant hereto, pursuant to the provisions of the aforementioned lease, the subject property was under the custody and control of the Defendants.

9. On July 18, 2020, a fire erupted at the subject property causing extensive damages to Plaintiff's real property, the incurring of additional expenses, as well as, the loss of business income.

10. Subsequent investigation revealed that the fire damage originated in an area near an air conditioner unit at the subject property that was placed and/or installed by Defendants' agents, servants, employees and/or chosen subcontractors.

11. As a direct and proximate result of the possible negligent conduct and omissions of the Defendants, Plaintiff sustained extensive and severe property damage and losses, incurred additional expenses, and suffered a loss of business income.

## COUNT I
## NEGLIGENCE

12. Plaintiff incorporates herein by reference the above paragraphs as though same were fully set forth at length.

13. The aforementioned damages were the direct and proximate result of the negligence, carelessness, recklessness and/or other liability producing conduct of the Defendants, including negligent acts and/or omissions, as performed personally and/or by and through their agents, employees, and/or servants, more specifically described as follows:

(a) failing to exercise reasonable care in the inspection, maintenance, and care of the subject premises, including, but not limited to, carelessly and negligently performing the following:

(1) failing to competently inspect the systems and equipment utilized, including but not limited to the subject air conditioner unit and the electrical receptacle(s) to which it was connected at the subject premises in a safe and appropriate manner;

(2) failing to maintain and/or responsibly utilize the equipment (i.e. the subject air conditioning unit) and electrical receptacles in area in which this fire incident originated;

(3) failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the maintenance and/or responsible utilization of the equipment (i.e. the subject air conditioning unit) and electrical receptacles in area in which this fire incident originated inspection of the piping systems at the subject premises;

(4) failing to ensure that proper techniques were employed, and the applicable safety procedures followed, so as to ensure that the equipment (i.e. the subject air conditioning unit) was maintained and responsibly utilized; and/or

(5) failing to identify all hazardous conditions at the subject premises and ensure that they were maintaining and responsibly utilizing their equipment (i.e. the subject air conditioning unit) and electrical receptacles.

(b) failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

(c) failing to adequately warn Plaintiffs and others of the dangers resulting from the failure to exercise reasonable care as set forth in subparagraph (a), above;

(d) failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

(e) failing to perform the tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

(f) failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above; and/or

(g) violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

14. As a result of the damages directly and proximately caused by such conduct of the Defendants, individually and/or jointly, Plaintiff sustained and incurred damages in an amount in excess of $4,000,000.00.

15.     As a result of the damages directly and proximately caused by such conduct, Defendants, individually and/or jointly, are legally responsible to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendants, individually and/or jointly and severally with each other and/or other responsible parties, in an amount in excess of Four Million ($4,000,000.00) Dollars, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

de LUCA LEVINE LLC

**Dated:** August 15, 2022     **BY:** /s/ Kenneth T. Levine

Kenneth T. Levine, Esquire
(PA Atty. No. 60986)
301 East Germantown Pike, 3rd Floor
East Norriton, PA 19401
(215) 383-0081
Fax: (215) 383-0082
klevine@delucalevine.com

*Attorney for Plaintiff*

2022 AUG 16 AM 10: 45
MICHAEL ROSSI
PROTHONOTARY
BEAVER COUNTY, PA

FILED OR ISSUED